UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RAYMOND WALKER, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. CIV-14-217-RAW |
| ) | |
| ENCORE CAPITAL GROUP, ET AL., ) | |
| ) | |
| Defendants. ) | |
| ) | |

## DEFENDANTS' MOTION TO DISMISS AND BRIEF IN SUPPORT

In accordance with Fed. R. Civ. P. 12(b)(6), all Defendants move the Court to dismiss Plaintiff's Complaint for failure to state a claim for relief. Plaintiff's primary complaint is that Midland Funding failed to provide proper validation of his alleged debt, and therefore violated the Fair Debt Collection Practices Act. Because Defendants did provide Plaintiff with the information required under the FDCPA to validate the debt, Plaintiff fails to state a claim for relief and the Complaint should be dismissed.

### ALLEGATIONS OF THE COMPLAINT

In support of his Complaint against Defendants, Plaintiff states the following:

1. On or about January 29, 2014, Plaintiff received a "mailed notice" stating Plaintiff was being sued by Midland Funding.

2. On or about February 1, 2014, Plaintiff mailed a certified letter requesting validation of the alleged debt.

3. On or about February 3, 2014, Defendant Love, Beal & Nixon, P.C. ("LBN") received the certified letter requesting validation.

4. Defendant Midland Funding has failed to properly validate the alleged debt and proceeded with local litigation against Plaintiff without properly validating the alleged debt.

5. Midland Funding initiated local litigation "for the purpose of harassment, abuse and/or has made false or misleading representations in regard to

   collection of the debt," and LBN and its attorneys did not verify there was a reasonable basis for filing the state court suit in violation of 12 O.S. §2011.

Complaint, p. 4. Plaintiff requests damages "pursuant to the FDCPA". *Id.*, p. 5.

## STATEMENT OF FACTS

In September 2013 Defendant Midland Funding, represented by Defendant LBN, filed suit against Plaintiff in Sequoyah County, Oklahoma District Court. The case is captioned *Midland Funding, LLC v. Raymond Walker*, Case No. CS-2013-230 (the "State Court Lawsuit"). *See* Sequoyah County District Court Docket, at http://www1.odcr.com/detail?court=068-&casekey=068-CS++1300230 (last visited July 18, 2014).[1]

On January 27, 2014, LBN mailed to Plaintiff a debt validation letter. Ex. 1.[2]

On January 27, 2014, LBN filed in the State Court Lawsuit a response to Defendant's second motion to quash. Ex. 2. A copy of this motion was mailed to Plaintiff. Ex. 2 (Certificate of Service).[3]

## STANDARD OF REVIEW

In order to survive a Rule 12 motion, a complaint must contain enough "facts to state a claim to relief that is plausible on its face," and the factual allegations "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). As the Supreme Court explained in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009),

---

[1] This Court can take judicial notice of the state court's docket in that case because Plaintiff references the case in his Complaint and it has a direct relation to matters at issue. *See* Fed. R. Evid. 201; *St. Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169, 1172 (10th Cir. 1979) ("It has been held that federal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.").

[2] As discussed below, this document can be considered by the Court without converting this motion to dismiss into a motion for summary judgment if it is the document referred to in the Complaint.

[3] This pleading may be considered by the Court without converting this motion to dismiss into a motion for summary judgment if it is the document referred to in the Complaint.

"the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.  A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement….'"  556 U.S. at 678.  *See also Dudnikov v. Chalk & Vermilion Fine Arts*, 514 F.3d 1063, 1073 (10th Cir. 2008) ("conclusory allegations, or a mere 'formulaic recitation of the elements of a cause of action,' will not suffice to defeat a Fed. R. Civ. P. 12(b) motion.") (quoting *Twombly*, 550 U.S. at 555).

Defendants are mindful that this Court must construe a pro se litigant's complaint liberally.  *See Casanova v. Ulibarri*, 595 F.3d 1120, 1125 (10th Cir. 2010).  But a pro se litigant must still allege facts sufficient to meet the plausibility standard, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), and the Court may not add facts to the complaint or construct a legal theory for the plaintiff.  *Whitney v. New Mexico*, 113 F.3d 1170, 1175 (10th Cir. 1997).  Here, even if Plaintiff is afforded the most liberal construction and all favorable inferences, the Complaint is still legally insufficient because it fails to allege any facts, as required by *Twombly* and *Iqbal*, to support or describe a claim for relief under the FDCPA.

The Court may consider the mailing referenced in Plaintiff's Complaint without converting this Rule 12(b)(6) motion to dismiss into a motion for summary judgment.  *See GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384-5 (10th Cir. 1997) ("if a plaintiff does not incorporate by reference or attach a document to its complaint, but the document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss.").  Indeed, "courts must consider the complaint in its entirety, as well as other sources courts

ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which the court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).  The documents attached to this motion are referred to in the Complaint (as best as Defendants can tell) and are central to Plaintiff's claim, and therefore they may properly be considered by the Court in this Motion to Dismiss.

## ARGUMENT AND AUTHORITIES

Plaintiff claims Defendants violated the FDCPA by failing to validate the debt.  But even from the sparse information contained in the Complaint, it is clear Plaintiff cannot state a claim for relief.  This is because (1) if the "mailed notice" Plaintiff received on January 29, 2014 was the debt validation letter, Plaintiff received from Defendants the information required by the FDCPA; and (2) if the "mailed notice" Plaintiff received on January 29 was the motion filed in the State Court Lawsuit, Defendants had no duty to send a debt validation letter because (a) the FDCPA specifically exempts pleadings and (b) in any event Plaintiff had already received a debt validation letter.

Further, Plaintiff claims Midland Funding initiated the State Court Lawsuit "for the purpose of harassment, abuse, and/or misleading representations in collection of the debt," and LBN and its attorneys "did not verify there was a reasonable basis for filing the State Court Lawsuit, in violation of 12 O.S. §2011."  Plaintiff simply uses labels and conclusions and provides no facts to support those conclusions.  Moreover, Section 2011 is a statute from the Oklahoma Pleading Code, and is applicable only in the State Court Lawsuit.  Plaintiff cannot state a claim for relief in this Court under §2011.

**A.     Plaintiff received the debt validation information that is required under the FDCPA.**

Plaintiff alleges that on February 1, 2014, he mailed a certified letter requesting validation of the alleged debt. Plaintiff claims that Defendants have failed to properly validate the alleged debt.

If the January 29 mailing Plaintiff received was Exhibit 1 (the January 27 letter from LBN), that *is* a debt validation letter. The FDCPA requires that a debt validation letter contain a verification of the debt, or the name and address of the original creditor. *See* 15 U.S.C. §1692g(b). The letter attached at Exhibit 1 contains all of that information (it identifies the original creditor as Chase Bank USA, NA, at the address of 3700 Wiseman Boulevard, San Antonio, Texas 78251), and more. Therefore, Defendants complied with their debt validation obligations, as demonstrated by the document referenced in Plaintiff's Complaint.

Because Defendants sent Plaintiff a debt validation letter which complied with the requirements of the FDCPA, which Plaintiff received on January 29, 2014, Plaintiff's claim that Defendants did not properly validate the debt following his February 1 letter fails to state a claim for relief and the Complaint should be dismissed.

**B.     Defendants are not obligated to provide debt validation letters in response to pleadings.**

If the January 29 mailing Plaintiff received was Exhibit 2 (Plaintiff's response to Defendant's second motion to quash and brief in support filed in the State Court Lawsuit), no duty to provide the notice contained in §1692g(a) was triggered. Section 1692g(d) of the FDCPA provides that "[a] communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for purposes of subsection (a)."

Moreover, as the state court docket demonstrates, Plaintiff had received the petition filed in the State Court Lawsuit long before anything he received on January 29, 2014. He had

received other filings in that case as well. Moreover, Exhibit 1 demonstrates that Plaintiff was provided the debt validation information even if no duty to provide it was triggered. So either way Plaintiff cannot state a cause of action under the FDCPA for failure to properly validate the debt.

### C. Plaintiff's remaining allegations should be dismissed.

Finally, Plaintiff alleges that Midland Funding initiated the State Court Lawsuit "for the purpose of harassment, abuse and/or has made false or misleading representations in regard to collection of a debt," and LBN did not verify there was a reasonable basis for filing this suit in violation of 12 Okla. Stat. §2011. This allegation also fails to state a claim for relief.

First, Plaintiff simply offers "labels and conclusions," rather than factual allegations sufficient to state a claim for relief.

Second, 12 Okla. Stat. §2011 is part of the Oklahoma Pleading Code. It imposes certain duties and obligations on attorneys who sign, file, submit, or advocate papers filed in the state trial court. Section 2011 provides that sanctions can be imposed by the state court if an attorney violates its provisions. Quite simply, §2011 does not provide a cause of action separate and apart from seeking sanctions from the state court in which the case is proceeding.

Accordingly, Plaintiff has failed to state a claim against Defendants for any actions occurring in the State Court Lawsuit.

## CONCLUSION

Plaintiff has failed to state a claim against Defendants for violation of the FDCPA, and Plaintiff cannot state a cause of action against Defendants for violating 12 Okla. Stat. §2011 or other litigation conduct occurring in the State Court Lawsuit. Accordingly, the Complaint should be dismissed.

Respectfully submitted,

DOERNER, SAUNDERS, DANIEL &
ANDERSON, L.L.P.

*/s/Jon E. Brightmire*
Jon E. Brightmire, OBA No. 11623
Two West Second Street, Suite 700
Tulsa, OK  74103-3117
(918) 582-1211 – *Telephone*
(918) 925-5258 – *Facsimile*
*jbrightmire@dsda.com*

*Attorneys for Midland Funding, LLC, Encore Capital Group, Love, Beal and Nixon, P.C.; Jenifer A. Gani; and Tracy Reed .*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on July 18, 2014, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing, and I further certify that on July 18, 2014, I served the foregoing document on the following, who are not registered participants of the ECF System, by U.S. Mail, first class, postage prepaid, to:

      Raymond Walker
      450282 E. 953rd Road
      Vian, Oklahoma 74962

                                  */s/Jon E. Brightmire*

3120424v1